# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SCOTT BASKEN,
        Plaintiff,

    v.                                                         Case No. 06C1094

PROFESSIONAL TRANSIT
MANAGEMENT OF RACINE, INC., et al.,
        Defendants.

## DECISION AND ORDER

I resolved some of the issues in this case on June 14, 2007 in an oral decision. (See Tr. of June 14, 2007 Status Conference.) The only remaining claim is a Title VII retaliation claim by pro se plaintiff Scott Basken against his union, Teamsters Local Union No. 43. Plaintiff claims that the union retaliated against him because he was once a co-plaintiff in a race discrimination lawsuit filed by a co-worker. He asserts that the union retaliated against him by failing to pay attention to his idea about changing the collective bargaining agreement ("CBA") and by failing to press for the change he sought. Plaintiff wanted to modify the CBA so it would allocate overtime to mechanics in the same way that it allocates overtime to drivers, by rotation. Presently, overtime is allocated to mechanics by seniority. Plaintiff is the least senior mechanic and believes he would receive better overtime assignments under a rotation system. Plaintiff and the union now cross-move for summary judgment.[1]

---

[1] Plaintiff has also filed a motion to stay and motion for written transcription. I will deny the motion to stay as moot, in light of the current decision. As to the motion for written transcription, plaintiff seeks a copy of the transcript from the June 14, 2007 telephonic conference. Typically, a party must pay for a transcript copy. See 28 U.S.C.

I may grant summary judgment only if taking all facts in favor of the non-movant, I conclude that no reasonable jury could render a verdict in the non-movant's favor. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Taking all facts in plaintiff's favor, I conclude that the union's summary judgment motion must be granted. I explain my conclusion below.

In order to survive the union's motion, plaintiff must present facts sufficient to convince a reasonable jury (1) that he engaged in activity protected by Title VII; (2) that the union retaliated against him either by breaching its duty of fair representation to him or in some other way; and (3) that by doing so, the union caused him harm. See Miller v. Am. Family Mut. Ins. Co., 203 F.3d 997, 1007 (7th Cir. 2000); Yerdon v. Henry, 91 F.3d 370, 377-78 (2d Cir. 1996). A union breaches its duty to represent a member fairly when it acts in an arbitrary, discriminatory or bad faith manner and disadvantages him. Int'l Bhd. of Elec. Workers v. Foust, 442 U.S. 42, 47 (1979); Lewis v. Local Union No. 100, 750 F.2d 1368, 1376 (7th Cir. 1984); Superczynski v. P.T.O. Services, Inc., 706 F.2d 200, 202 (7th Cir. 1983). However, in representing its members, a union is allowed a wide range of reasonableness. Rakestraw v. United Airlines, Inc, 981 F.2d 1524, 1530 (7th Cir. 1992). If a union acts in good faith, it need not please all of its members. See Emporium Capwell Co. v. W. Addition Cmty. Org., 420 U.S. 50, 62 (1975). Williams v. Pac. Mar. Ass'n, 617 F.2d 1321, 1330 (9th Cir. 1980).

---

§ 753(a). Therefore, I will deny the motion without prejudice.

2

In the present case, plaintiff engaged in protected activity but presents no evidence that the union retaliated against him for doing so. He presents nothing suggesting that the union failed to represent him fairly or that it engaged in any inappropriate conduct with respect to him. He presents no evidence that the union treated him arbitrarily, discriminatorily or in bad faith. Plaintiff has the least seniority of any of the mechanics in the bargaining unit. Under the company's policy, overtime is awarded by seniority. Because plaintiff is the least senior mechanic, he gets less desirable overtime assignments. Plaintiff wanted the union to renegotiate the CBA so that he would get more overtime. Apparently, no other mechanics supported the change that plaintiff sought. The union was not obliged to endorse his proposal or to attempt to change the CBA to establish it. The evidence also indicates that plaintiff failed to properly present his proposal for change to the union. He did not attend relevant meetings or avail himself of the available procedures. Finally, the union's express reference to prior and current litigation does not prove retaliation. The union was merely explaining why it did not pursue plaintiff's grievances–because a court had already decided that the claims in the grievances did not amount to a violation of the CBA–and plaintiff presents no evidence to the contrary.

Therefore, for the reasons stated,

**IT IS ORDERED** that plaintiff's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for written transcription is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment is **GRANTED** and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 25 day of March, 2008.

/s  
LYNN ADELMAN  
District Judge

4

Case 2:06-cv-01094-LA   Filed 03/25/08   Page 4 of 4   Document 67